LOTTINGER, Judge.
The plaintiffs brought suit seeking the return of $1,750 deposit which they had made on a contract to buy a piece of property. The Lower Court rendered judgment in favor of plaintiffs and the defendant has appealed. The trial judge very competently disposed of the matter as follows:
“Plaintiffs, who are husband and wife, bring this suit seeking the return of a $1,750.00 deposit which was made on a contract to buy and sell a certain piece of real estate situated in Jefferson Parish, Louisiana. The plaintiffs allege that on November 9, 1954, they entered into this contract to purchase the said real estate from the defendant, M. J. Vella, and that the contract, which is annexed to the petition, provides that the sale was to be passed on or prior to February 9, 1955, and that through no faitlt on the part of the petitioners the sale was not executed before such date, and further, that the contract was cancelled by agreement of both parties, it being understood that defendant Vella was to return to petitioners their deposit of $1,750.00. I note even though the contract originally provided that the sale was to be made on or prior to February 9, 1955, that an extension was granted on said contract, providing that the sale was to be passed on or before February 24, 1955.
“A reading of the contract shows it provides in the event the seller did not comply with the agreement within the time specified that the purchaser had the right to demand a return of his deposit in full.
“While it is true that the petition alleges that the plaintiffs are entitled to the return of the deposit because the contract was cancelled by agreement of the parties, and the defendant agreed to return the deposit, yet the contract which is the foundation of this suit and is annexed to and made a part of the petition, sets forth that the defendant had a certain time limit within which to deliver this title, otherwise, he was to return the deposit, and if the evidence shows that the defendant failed to deliver title within the time limit set forth in the contract itself, the plaintiffs would be entitled to recover the deposit, because the contract upon which the petition is founded forms a part of said petition and controls the allegations thereof.
“The defendant contends that during the entire time of the extension of the contract that he was ready and willing to deliver a good and merchantable title to the property, all in accordance with the contract.
“A reading of this contract shows that it was conditioned upon the ability of the purchaser to borrow $10,200.00 upon certain terms and conditions, giving the property as security therefor. It is, therefore, necessary to ascertain whether or not the plaintiff purchasers were able to obtain the loan of $10,-200.00 prior to the expiration of the contract as extended, which date is February 24, 1955.
“The testimony of the witness Cas-tagna, Manager of the Home Mortgage & Investment Corporation, who was handling the loan, reflects it was not until February 25, 1955, or one day after the expiration for the sale to take place under the contract as extended, that he received a letter from Fort Wayne, Indiana, that the money for the loan was available, and it was not until March 1,1955, that he notified the plaintiff Masson of this fact. By the testimony of the defendant’s own witness it is apparent that the loan was *456 unobtainable until after the expiration of the time limit in the contract for the sale, which was February 24, 1955. Of course, after this expiration limit the plaintiff refused to take the property and demanded the return of the deposit, all in accordance with the terms of the contract of sale. The witness, Jack L. McSpadden, the son of plaintiff, Mrs. Masson, testified that shortly after the end of February, 1955, he contacted defendant Vella over the telephone and that in the course of the conversation Vella agreed to return the deposit, but did not have the money at that time and would accordingly make the return as soon as he sold the house.
“This testimony is corroborated by that of Mrs. Masson, who likewise had a conversation with Vella along about the same time. In addition to this, Mrs. Masson testified that on February 25, 1955, she sent the defendant a telegram demanding return of the deposit and he did not deny receiving this telegram.
“I am satisfied from the testimony of these two witnesses that the defendant did agree to return the deposit as soon as he could sell the house; this is corroborated by the fact he advertised the property for sale in the New Orleans newspapers on March 5, 1955, and again on March 30, 1955.
“For the above and foregoing reasons, I will sign a judgment when presented to me in favor of plaintiffs and against the defendant in the full sum of $1,750.00, together with interest on said amount at the legal rate from April 21, 1955, until paid.”
The record amply substantiates the above findings but in addition to the above we note that the contract signed by the parties dated November 9, 1954 provides that the sale is conditioned upon the ability of the purchaser to borrow upon this property as security the sum of $10,200 and the said principal is to be payable in equal monthly installments over a period of twenty-five years. The contract further provides, “Should the loan stipulated above be unobtainable by the purchaser, seller or agent within sixty days from date of acceptance hereof (November 9, 1954) this contract shall then become null and void and the agent is hereby authorized to return the purchasers’ deposit in full.” We note further that the letter referred to by the Lower Court from Fort Wayne, Indiana is a letter from the Lincoln National Life In-' surance Company of said city da.ted February 25, 1955 and addressed to Home Mortgage and Investment Corporation, New Orleans, Louisiana wherein said Lincoln National Life Insurance Company agreed to make a loan to the plaintiffs herein on the property involved in the amount of $10,200 for a twenty year term on a monthly payment basis and not on a twenty-five year basis as is provided in the contract by the plaintiffs and defendant. It is apparent from the record that it was not until March 1, 1955 that plaintiffs were notified that the loan was approved and available. It is likewise apparent from the record that the loan was unavailable until after the expiration of the time limit of the contract of the sale which was February 24, 1955 and it is likewise apparent that the loan that was available did not comply with the requirements and provisions in the contract to purchase said property. Since the loan was unavailable during the contract period, this contract then became null and void and according to the provisions of the contract the seller was obligated to return the purchasers’ deposit in full.
For the above and foregoing reason the judgment appealed from is affirmed.
Judgment affirmed.